OPINION
This is an appeal from a judgment of the Hancock County Common Pleas Court which deducted pre-appeal court costs from a supersedeas bond posted by the Boes Family Limited Partnership (Partnership) for the benefit of Defendant-appellant, Jane E. Boes (Boes).
On May 3, 1999, Plaintiff-appellee, Judy Walter (Walter), filed an action for partition of land she owned jointly with Boes. On January 31, 2001, the trial court ordered the land sold at a Sheriff's Sale. In response, Boes filed a motion for a stay of the Sheriff's Sale while she appealed. The trial court granted the stay on the condition that Boes posted a supercedeas bond for $25,000. The Partnership, as a surety, posted the bond on behalf of Boes. This court dismissed Boes' appeal for want of prosecution and remanded the case to the trial court for execution of costs. On October 2, 2001, a Sheriff's Sale was held at which the Partnership purchased the land. On January 2, 2002, the trial court ordered the supersedeas bond returned less any court costs that Boes failed to pay.
Boes now appeals this entry asserting the following assignment of error:
 The trial court erred by concluding that any costs incurred by the court at the trial level be deducted from the supersedeas bond.
In this case, Boes attempts to appeal an order which deducts court costs from the supersedeas bond posted by the Partnership. However, Boes does not have standing to assert this alleged error. If the Partnership believed that the supersedeas bond should not have paid the costs of the trial level proceedings, then the Partnership should have intervened pursuant to Civ.R. 24 to protect its rights. Consequently, this appeal must be dismissed as Boes has not demonstrated how she has personally been injured by the court's order. See Ahrns v. SBA CommunicationsCorp. (Sept. 28, 2001) Auglaize App. No. 2-01-13, unreported (requiring a party to demonstrate an injury in fact to maintain standing). As such, the appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
HADLEY and WALTERS, JJ., concur.